## CIRCUIT COURT OF FAIRFAX COUNTY

Elizabeth H. Marcellino

v.

Phillip L. Marcellino

November 7, 1989

Case No. (Chancery) 74607

By JUDGE JACK B. STEVENS

This matter is before the Court upon the "Special Appearance and Plea in Bar" of the Defendant to the "Petition for Declaratory Judgment" filed by the "Plaintiff."

The Court notes that the "Petition for Declaratory Judgment" appears to have been filed in an ended divorce action, apparently without any leave of Court and with no indication that the matter had been reinstated on the docket after the Final Decree entered on January 27, 1983. Further, the "Petition" appears to allege a failure to comply with the Order of the Court in the Final Decree concerning the distribution of funds from a sale of jointly owned real estate and then seeks to have the Court order that a distribution be ordered as was previously ordered by the Court, somewhat akin to a redundant Petition for a Rule to Show Cause.

Service of the "Petition" upon the Defendant, a non-resident, was by service upon the Secretary of the Commonwealth pursuant to § 8.01-328.1(a), Code of Virginia (1950), as amended, and seeks to exercise personal jurisdiction on the basis of (1) transacting business in the state, and (2) having an interest in, using, or possession real property in the state. The "Plea in Bar" of the Defendant alleges that the "Petition" does not set forth sufficient facts to "provide a basis for personal jurisdiction over the Defendant."

*Burks' Pleading and Practice* (4th ed., 1952), sect. 216, p. 369, states that:

> A plea in bar is one to the substantial merits of the case, and, as its name imports, purports to bar the rights of the plaintiff to recover at all, as distinguished from other pleas which simply deny the jurisdiction of the court over the parties . . . .

Since both sides, however, have treated the "Plea in Bar" as, in effect, a motion to quash service, the Court will do likewise.

Defendant first asserts that the "Petition" does not allege any facts which would support jurisdiction pursuant to § 8.01-328.1(a) on the grounds alleged, *i.e.* transacting business or having an interest, etc., in real property. The Court agrees with that contention but does not agree that this disposes of the matter. While inartfully pleaded, the "Petition" essentially alleges a failure of the Defendant to comply with the Order of this Court entered in a divorce action wherein this Court *had* personal jurisdiction over the parties.

Defendant further contends that service of process had to be made pursuant to § 8.01-296 because this is a "divorce" case and that mode of service is specified as required when proceeding under § 8.01-328.1(A)(8)(i), (8)(ii), or (9). The Court disagrees. This is not the commencement of a new "divorce" action; this is a filing in a pre-existing divorce action in which the Court has continuing jurisdiction to enforce its Orders. See *Fry v. Schwarting*, 4 Va. App. 173 (1987); § 18.2-456, Code of Virginia (1950), as amended.

Though the Court has continuing jurisdiction in this case, it has no jurisdiction as a practical matter to do anything more than enter judgment against a non-resident, and the Final Decree in this matter has already done that. The real complaint here is that the judgment Order has not been satisfied in full. It would seem that the remedy for that problem would be to execute on the judgment in the normal manner.

In any event, for the reasons set forth above, the Court overrules the "Plea in Bar" filed herein, treating

392

the "Petition for Declaratory Judgment" as, in effect, a Petition or Motion for Rule to Show Cause. The parties may proceed on that basis.